First, "while entitlement to enforce both the deed of trust and the promissory note is required to foreclose, nothing requires those documents to be unified from the point of inception of the loan." *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 259 (Nev.2012). The note and deed of trust were split at the loan's inception because Mortgage Electronic Registration Systems, Inc. ("MERS"), a party other than the original note holder MILA, Inc. ("MILA"), was listed as the deed's beneficiary. *See id.* The note and deed were unified, however, when MERS assigned "all beneficial interest under th[e] ... Deed of Trust ... together with the Promissory Note secured by said Deed of Trust" to LaSalle Bank National Association ("LaSalle"). *See Edelstein*, 286 P.3d at 260–62. MERS was authorized to assign the deed of trust as the named beneficiary, and it was authorized to assign the note as an agent for MILA because the deed of trust named MERS as "nominee for Lender and Lender's successors and assigns." *See id.* Accordingly, through its agent LSI Title, Quality Loan, which LaSalle had properly substituted as trustee, was authorized to file a notice of default and sell the property. *See* Nev.Rev. Stat. § 107.080(1) ("[I]f any transfer in trust of any estate in real property is made ... to secure the performance of an obligation or the payment of any debt, a power of sale is hereby conferred upon the trustee to be exercised after a breach of the obligation for which the transfer is security.").

Second, the fact that "MILA ceased operations approximately three months prior to its chapter 11 filing on July 2, 2007," *Groshong v. Sapp (In re Mila, Inc.)*, 423 B.R. 537, 540 (9th Cir. BAP 2010), does not affect MERS's authority to transfer the deed of trust or the note. MERS transferred all beneficial interests in the deed of trust and the note on May 22, 2007, before MILA filed for bankruptcy on June 2, 2007. Accordingly, the transfer was valid.

AFFIRMED.

**Barbara G. DAUVEN, Plaintiff–Appellant,**

v.

**GEORGE FOX UNIVERSITY; et al., Defendants–Appellees.**

No. 12–35828.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2014.

Filed March 20, 2014.

898

of the case on appeal. See Fed.R.Civ.P. 51(d)(2).

Finally, Dauven challenges the district court's award of costs pursuant to Fed. R.Civ.P. 54(d)(1) to defendants. Because counsel for defendants has agreed to vacate the cost judgment against Dauven, we remand for that sole purpose. Each party will bear its own costs on appeal.

**AFFIRMED IN PART and REMANDED IN PART with instructions to VACATE the award of costs against the plaintiff.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael CHEN, Defendant–Appellant.**

No. 13–10065.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 2014.

Filed March 20, 2014.

Merry Jean Chan, Esquire, Barbara Valliere, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.